UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RODNEY L. BOLEN, ) | Case No.: 5:12 CV 3059 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | <u>ORDER</u> |
| ) | |
| Defendant ) | |

The Acting Commissioner of Social Security ("Commissioner") denied disability benefits to the claimant, Rodney L. Bolen ("Bolen" or "Plaintiff"), in the above-captioned case. Bolen sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Vecchiarelli for preparation of a report and recommendation ("R&R"). Both parties submitted briefs on the merits. Plaintiff requested an order reversing the Administrative Law Judge's ("ALJ") decision, or remanding the case in the alternative. The Commissioner sought final judgment upholding the decision below. Plaintiff argued, among other things, that the ALJ's finding that Plaintiff is not disabled was not based on substantial evidence or proper legal criteria. (Pl.'s Br. on the Merits, ECF No. 16.)

Magistrate Judge Vecchiarelli submitted her R&R (ECF No. 19) on September 6, 2013. The Magistrate Judge concluded that the ALJ's analysis of the medical opinions of Drs. Sunbury, Smith, Terry, and Haskins was supported by substantial evidence and should not serve as a basis for

reversal or remand. However, the Magistrate Judge determined that, because "the ALJ failed to adequately explain why he rejected Dr. Zewail's opinion [regarding Plaintiff's physical limitations], the ALJ's decision is not supported by substantial evidence." (R&R at 30.) The Magistrate Judge recommends that the Commissioner's decision be reversed and remanded for a more careful examination of Dr. Zewail's opinion regarding Plaintiff's physical limitations. If the ALJ again declines to assign Dr. Zewail's opinion controlling weight, then the ALJ should provide a full explanation as to why he rejects Dr. Zewail's opinion.

The Commissioner filed objections to the R&R on September 17, 2013. (ECF No. 20.) Plaintiff did not file objections or respond to the Commissioner's objections. The Commissioner objects only to the Magistrate Judge's determination that the ALJ's rejection of Dr. Zewail's opinion is not supported by substantial evidence. Regarding Dr. Zewail's opinion on Plaintiff's physical limitations, the ALJ stated that, "the opinion relative to the claimant's physical limitations is totally unsupported by the longitudinal history; the only indication of physical maladies in the record are a history of asthma, a period of pelvic and testicular pain (Resolved)." (R&R at 27 (quoting Tr. at 24).) The ALJ also stated that, "[t]o suggest that this would impose such severe limitations on any continuous basis for a period of 12 consecutive months … is such an obviously disingenuous attempt to accommodate this application ...." (*Id.* (quoting Tr. at 24).) The Commissioner argues that the ALJ adequately explained his reasons for rejecting Dr. Zewail's opinion, and that "the ALJ is authorized to eschew the opinions of any physicians that are conclusory, unsupported by the medical evidence, or internally inconsistent." (Objections at 4.)

The Magistrate Judge correctly pointed out that if an ALJ does not give a treating source's opinion controlling weight, the ALJ "must give 'good reasons' for doing so that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's

opinion and the reasons for that weight." (R&R at 26 (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F. 3d 541, 544 (6th Cir. 2004)). This is known as the "treating physician rule." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). The ALJ considered Dr. Zewail to be a treating source and found Dr. Zewail's opinion on Plaintiff's physical limitations to be unsupported, thus giving Dr. Zewail's opinion less than controlling weight. The Magistrate Judge again correctly concluded that even though it might seem unlikely that Plaintiff's physical maladies would significantly limit Plaintiff's functioning, the ALJ's "brief and conclusory statements of disdain for Dr. Zewail's opinion," (R & R at 27), do not meet the standard of giving "specific reasons for the weight given" and are not "sufficiently specific to make clear to any subsequent reviewer the weight the adjudicator gave to the treating source's medical opinion and reasons for that weight." *Wilson*, 378 F. 3d at 544 (quoting SSR 96–2p, 1996 WL 374188, at *5 (July 2, 1996)). In her Objections, the Commissioner lists reasons why Dr. Zewail's opinion was unsupported by the evidence and should not serve as a basis to reverse and remand this matter to the ALJ. However, the court must reverse the decision of an ALJ where the ALJ does not adhere to the treating physician rule, even where the Commissioner's decision is supported by other substantial evidence. *Id.*

The court finds, after careful *de novo* review of the Magistrate Judge's Report and Recommendation and all other relevant documents in the record, that the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation. (ECF No. 19.) The court hereby reverses and remands the Commissioner's final decision with instructions for the ALJ to conduct a more careful examination of Dr. Zewail's opinion regarding Plaintiff's physical limitations. If the ALJ again declines to assign Dr. Zewail's opinion controlling weight, the ALJ must give a complete examination of that decision.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

November 27, 2013